FILED

July 20, 2017

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 9:11 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| MICHAEL VRANCICH, | ) | Docket No: 2016-05-1199 |
|     Employee, | ) | |
| | ) | |
| v. | ) | State File No: 95168-2016 |
| | ) | |
| ALL AROUND INDUSTRIAL, INC., | ) | |
|     Employer, | ) | Judge Dale Tipps |
| And | ) | |
| | ) | |
| TRAVELERS INS. CO., | ) | |
|     Insurance Carrier. | ) | |
| | ) | |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

---

This matter came before the undersigned workers' compensation judge on July 18, 2017, for an Expedited Hearing. The present focus of this case is whether Mr. Vrancich is entitled to medical and temporary disability benefits for his alleged back and shoulder injuries. The central legal issue is whether Mr. Vrancich is likely to establish at a hearing on the merits that he suffered an injury arising primarily out of and in the course and scope of his employment. For the reasons set forth below, the Court cannot find that Mr. Vrancich is likely to do so but finds he is entitled to a panel of physicians.

### History of Claim

Mr. Vrancich, who was the only witness to testify at the hearing, presented the following facts through his affidavit and testimony.[1] While working for All Around Industrial (AAI) as an ironworker and millwright on March 17, 2016, he began suffering pain in his arms and back. He reported the injury to the main office, which directed him to the safety coordinator, Chris Nanni. Mr. Vrancich told Mr. Nanni about the problem, and they filled out an injury report. Mr. Vrancich sought medical treatment at the

---

[1] Because Mr. Vrancich lives in Ohio, the Court allowed him to participate in the hearing via telephone.

1

emergency room, but AAI never provided any authorized treatment.

Mr. Vrancich seeks medical treatment and payment of temporary disability benefits. AAI denies Mr. Vrancich is entitled to any workers' compensation benefits. It contends he is not likely to prove his alleged injuries arose primarily out of and in the course and scope of his work. AAI also argues that Mr. Vrancich would not be entitled to any temporary disability benefits because he presented no proof that any medical doctor took him off work or restricted his work activities.

### Findings of Fact and Conclusions of Law

The following legal principles govern this case. To prove a compensable injury, Mr. Vrancich must show that his alleged injury arose primarily out of and in the course and scope of his employment. To do so, he must show his injury was primarily caused by an incident, or specific set of incidents, identifiable by time and place of occurrence. Further, he must show, "to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. *See* Tenn. Code Ann. § 50-6-102(14) (2016).

However, because this case is in a posture of an Expedited Hearing, Mr. Vrancich need not prove every element of his claim by a preponderance of the evidence in order to obtain relief. Instead, he must come forward with sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Applying these principles to the facts of this case, the Court cannot find at this time that Mr. Vrancich appears likely to meet his burden of proving a compensable injury. Neither party submitted any medical opinions addressing the cause of Mr. Vrancich's condition. Absent such an opinion, he cannot prove "to a reasonable degree of medical certainty" that his work "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." However, additional analysis is required in light of AAI's failure to provide any initial medical treatment.

Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) (2016) provides that, "in any case when the employee has suffered an injury and expressed a need for medical care, the employer shall designate a group of three (3) or more independent reputable physicians . . . from which the injured employee shall select one (1) to be the treating physician." Further, the administrative rules governing an employer's obligation to

provide a panel state, "[u]pon notice of any workplace injury, other than a minor injury for which no person could reasonably believe requires treatment from a physician, the employer shall immediately provide the injured employee a panel of physicians that meets the statutory requirements for treatment of the injury." Tenn. Comp. R. & Regs. 0800-02-01-.25(1) (2016). An employer who fails to comply with this rule without good cause could be assessed a civil penalty of up to $5,000. *Id.*

Further, at an expedited hearing, an employee need not establish the compensability of his or her claim by a preponderance of the evidence, but rather where the employee comes forward with sufficient evidence to support that a work event resulted in injury, it may also be sufficient to support an order compelling an employer to provide a panel. *See Lewis v. Molly Maid, et al.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 19, at *8-9 (Apr. 20, 2016). In *McCord*, the Workers' Compensation Appeals Board found that:

> [W]hether the alleged work accident resulted in a compensable injury has yet to be determined. Therefore, while Employee has not proven by a preponderance of the evidence that she suffered an injury arising primarily out of and in the course and scope of employment, she has satisfied her burden at this interlocutory stage to support an Order compelling Employer to provide a panel of physicians.

*McCord* at *16, 17. Thus, the question is whether Mr. Vrancich has provided sufficient evidence to satisfy his "burden at this interlocutory stage" that he is entitled to a panel of physicians.

Mr. Vrancich's version of events was the only proof presented at the hearing regarding the details of his workplace injury. He testified that he began suffering symptoms on March 17, 2016, and reported the problem to his supervisor, Mr. Nanni, who helped him fill out an injury report. Mr. Nanni was present for the hearing but did not testify, and AAI presented no other evidence to refute Mr. Vrancich's description of these events. Thus, the undisputed evidence establishes that Mr. Vrancich reported to AAI that he was having back and arm pain and that he attributed these problems to his work. Based on the foregoing authority, this entitled him to a panel of physicians, which AAI failed to provide.

AAI contended that there is no evidence Mr. Vrancich suffered a work injury, but this argument overlooks his testimony. Similarly, AAI's contention that Mr. Vrancich produced no written documentation of reporting an injury ignores his sworn testimony that he and Mr. Nanni filled out an injury report. In the absence of any countervailing proof from Mr. Nanni or some other witness that AAI never received notice of an injury, the fact that Mr. Vrancich was unable to produce a copy of that report is irrelevant.

3

AAI also questioned Mr. Vrancich's credibility, based on his cross-examination answers and a hospital record showing he subsequently injured himself while doing yard work. The Court is sympathetic to AAI's concerns and notes that Mr. Vrancich tended to become somewhat evasive when asked about his current abilities, Facebook posts, and light duty assignments. However, these questions are more relevant to the issues of Mr. Vrancich's current condition and his claim for temporary disability benefits. An attack on the credibility of Mr. Vrancich's version of the injury might be more persuasive if AAI had offered any proof that he never reported a work injury. Absent such evidence, the Court will not extend AAI's credibility concerns to the question of whether Mr. Vrancich suffered symptoms at work and reported them to his supervisors.

Therefore, the Court finds Mr. Vrancich provided sufficient evidence to satisfy his burden at this interlocutory stage that he is entitled to a panel of physicians. AAI is ordered to provide a panel of physicians from which Mr. Vrancich may choose an authorized physician for evaluation and, if appropriate, treatment of his alleged injuries in accordance with Tennessee Code Annotated section 50-6-204(a)(1)(A) (2016).

Mr. Vrancich also seeks payment of temporary disability benefits. An injured worker is eligible for temporary total disability (TTD) benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability. *Jones v. Crencor Leasing and Sales*, TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). As noted above, Mr. Vrancich failed to prove he is likely to meet his burden of proving a compensable injury. He also presented no evidence that any medical provider ever took him completely off work or assigned temporary work restrictions. Therefore, the Court cannot find at this time that he appears likely to prevail on a claim for temporary disability benefits at a hearing on the merits.

**IT IS, THEREFORE, ORDERED** as follows:

1. AAI shall provide Mr. Vrancich with a panel of physicians and any medical treatment made reasonably necessary by his March 17, 2016 injury in accordance with Tennessee Code Annotated section 50-6-204.

2. Mr. Vrancich's request for temporary disability benefits is denied at this time.

3. This matter will be set for a Scheduling Hearing during the upcoming hearing on AAI's Motion to Dismiss.

4. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2016). The Insurer or Self-Insured**

**Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

**ENTERED this the 20th day of July, 2017.**

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1.  Affidavit of Michael Vrancich
2.  Wage Statement
3.  August 16, 2016 record from Humility of Mary Health Partners

Technical record:[2]
1.  Petition for Benefit Determination
2.  Dispute Certification Notice
3.  Request for Expedited Hearing

---

[2] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Granting Benefits was sent to the following recipients by the following methods of service on this the 20th day of July, 2017.

| Name | Certified Mail | Via Fax | Via Email | Email Address |
|---|---|---|---|---|
| Michael Vrancich | X | | X | 173 Terrace Drive Youngstown, OH 44512 Mikev330@outlook.com |
| Chip Storey, Attorney | | | X | cstoreyj@travelers.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**